**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: HOUSER LLP DATA BREACH LITIGATION | Case No. 8:24-CV-00468-WLH-ADS<br><br>**ORDER RE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [49] AND MOTION FOR ATTORNEY FEES, EXPENSES, AND SERVICE AWARDS [47]** |

WHEREAS, the Court, having considered the Settlement Agreement filed February 12, 2025 (the "Settlement") between and among Named Plaintiffs Richard McMillen, Joseph Kausse, Mark Giannelli, Jennifer Rivera, Scott Miller, and Karie Simmons ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class, and Defendant Houser LLP ("Houser" or "Defendant") (collectively, the "Parties"), having considered the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), having held a Final Approval Hearing on October 31, 2025, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. This Order incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

3. The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Litigation with prejudice.

## I. CERTIFICATION OF THE SETTLEMENT CLASS

4. Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class and California and Washington Settlement Subclasses (collectively, the "Settlement Class") for settlement purposes only:

> All persons whose Private Information was actually or potentially accessed or acquired during the Data Incident that is subject of the Notice of Data Incident that Defendant published to Plaintiffs and other Settlement Class Members starting on or around February 28, 2024.

> All California residents whose Private Information was actually or potentially accessed or acquired during the Data Incident that is the subject of the Notice of Data Incident that Defendant published to Plaintiffs and other Class Member starting on or around February 28, 2024.

> All Washington state residents whose Private Information was actually or potentially accessed or acquired during the Data Incident that is the subject of the Notice of Data Incident that Defendant published to Plaintiffs and other Class Members starting on or around February 28, 2024.

5. Excluded from the Settlement Class and the California Settlement Subclass and Washington Settlement Subclasses are: (i) Defendant and Defendant's parents, subsidiaries, affiliates, officers, and directors, and any entity in which Defendant has a controlling interest; (ii) all individuals who make a timely election to be excluded from the proceeding using the correct protocol for opting out; (iii) any and all federal, state or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) all judges assigned to hear any aspect of this Litigation, as well as their immediate family members.

6. Also excluded from the Settlement Class and California and Washington Subclasses are those persons identified in **Exhibit A** to Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 49-4), each of whom submitted a timely and valid request for exclusion from the Settlement Class prior to the Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order.

7. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II.  NOTICE TO THE SETTLEMENT CLASS

8. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

9. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III.  FINAL APPROVAL OF THE SETTLEMENT

10. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

11. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12. The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13. The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its

Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.    DISMISSAL OF CLAIMS AND RELEASE

14.    The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

15.    Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, each of the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, present and former ("Releasing Parties"), shall be deemed to have fully, finally, and forever released, acquitted, and discharged Defendant and its affiliates, parents, subsidiaries, wholesalers, retailers, or dealers, and each and all of its or their respective present or former directors, officers, consultants, affiliated entities or corporations, subsidiaries, divisions, franchisees, partners, joint venturers, agents, shareholders, investors, creditors, insurers, reinsurers, attorneys, employees, representatives, successors, licensees, customers, and assigns (collectively, the "Released Persons") from any and all Released Claims. This release expressly includes Houser's insurer with respect to all obligations under any part of the insurance policy applicable to the Released Claims, and from any and all claims arising out of the investigation, handling, adjusting, defense, or settlement of the claim including, without limitation, any claims for negligence, third-party beneficiary contract, violations of California's Consumer Privacy Act (Cal. Civ. Code § 1798.100 *et seq*.), violations of the Washington Consumer Protection Act (RCW 19.86.010, *et seq*.), and declaratory judgment and injunctive relief.

16.    For purposes of this Final Approval Order, "Released Claims" mean any and all past, present, and future claims, causes of action, demands, damages, debts, liabilities, remedies, proceedings, actions, suits, allegations, assertions of wrongdoing, and any

demand for injunctive relief or any other type of equitable or legal relief including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, suspected or unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted by any Settlement Class Member against any of the Released Parties with respect to the Data Incident on a similar factual predicate. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement Agreement, and shall not include the claims of individuals in the Settlement Class who have timely excluded themselves from the Settlement.

17. Upon entry of this Final Approval Order, the Settlement Class Representatives and other Participating Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order. Likewise, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' counsel of all claims that arise out of or relate in any way to the institution, prosecution, assertion, settlement of this Litigation against Houser, except for claims relating to the enforcement of the settlement, and for the submission of false or fraudulent claims for settlement benefits. The Settlement may be pleaded as a complete defense to any claim or proceeding described in this Paragraph.

**V.     ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD**

18. The Court awards attorneys' fees and costs of $351,000 (twenty-seven percent of the settlement fund), and payment of a service award in the amount of $2,000 to each Plaintiff. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

**VI.   OTHER PROVISIONS**

19. Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

20. Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

21. In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any

//

//

purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: 10/31/2025

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE